IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HERBERT J. GULLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-10-386-C |
| | ) | |
| ERIC SHINSEKI, Secretary of the U.S. | ) | |
| Department of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present case seeking redress for alleged wrongs committed by Defendant during Plaintiff's employment. According to Plaintiff, while employed by Defendant he was subjected to discrimination because of his race and age, and retaliated against for his prior EEO activity. Specifically, Plaintiff's Amended Complaint asserts that he was not selected for the position of Painter WG-9 because of his race, age, and in retaliation for an earlier discrimination complaint. The second claim raised by Plaintiff asserts that Defendant breached a settlement agreement when it failed to provide him opportunities to perform the duties of Microwave Decontaminate Unit ("MDU") Operator. Defendant filed the present motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Defendant argues the Court lacks subject matter jurisdiction over the alleged breach of the settlement agreement and that Plaintiff's claim of retaliation fails to state a claim for relief.

Because the arguments raised by Defendant rely on two distinct standards of review, the Court will address the challenges to each Count of the Amended Complaint individually.

First is Plaintiff's claim for breach of the settlement agreement. Plaintiff's claim for breach of the settlement agreement is based on the following facts:

On April 13, 1999, Plaintiff made an EEO complaint alleging race discrimination based on an alleged failure to provide appropriate training and promotional opportunities. On October 31, 2006, Plaintiff and Defendant entered into a settlement agreement which required Defendant to provide Plaintiff with certain training and to ensure that Plaintiff would serve as the back-up MDU operator for as long as he remained in his current position. According to Defendant, around January 2008 the MDU became inoperable. On September 16, 2008, Plaintiff notified an EEO counselor complaining Defendant had breached the settlement agreement because it was not employing him as a back-up MDU operator. Plaintiff now seeks judicial relief for the alleged breach. Defendant argues the Court lacks subject matter jurisdiction to provide the relief sought by Plaintiff.

The standard of review for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is set forth in Holt v. United States, 46 F.3d 1000 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

Id. at 1002-03 (internal citations omitted).

In this case, Defendant challenges the facts upon which the Court's subject matter jurisdiction exists. Therefore, the Court will consider the evidentiary materials attached to the parties' briefs. Plaintiff argues Defendant's motion goes to the merits and, accordingly, warrants consideration under Fed. R. Civ. P. 12(b)(6) or 56. In certain circumstances the Court must treat the motion as one brought pursuant to Rule 12(b)(6). See Holt, 46 F.3d at 1003 ("[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."). Here, that rule is not implicated. "Jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." Sun Valley Gasoline, Inc. v. Ernst Enters., Inc., 711 F.2d 138, 139 (9th Cir. 1983) (quoting Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983)). The merits of Plaintiff's case center on whether the settlement agreement was breached. Defendant's motion addresses whether the Court has the authority to provide the requested relief. Thus, in resolving Defendant's motion, it is not necessary to consider the merits of Plaintiff's claim. Consequently, treatment of the present motion as a Rule 12(b)(6) or 56 motion is not required.

Defendant argues that the relief sought by Plaintiff for the alleged breach of the settlement agreement is unavailable. According to Defendant, under the relevant regulation the only remedy available for breach of a settlement agreement is specific performance or

3

reinstatement of the claims that led to the agreement. Thus, Plaintiff's request here for monetary damages arising from the breach is improper.

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . ." United States v. Sherwood, 312 U.S. 584, 586 (1941). Although Congress has waived this immunity to a certain extent through 42 U.S.C. § 2000e-16(d), the waiver does not extend to permitting monetary relief for alleged breach of an EEO settlement agreement. Neither does the settlement agreement indicate an intent to waive Defendant's sovereign immunity and permit a claim for monetary relief. Rather, the terms of the settlement agreement and the governing regulation specify the available remedies.

Here, the regulation and the agreement contain identical language. In relevant part, 29 C.F.R. § 1614.504(a) states: "The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased." As the Fourth Circuit has noted: "By its plain language, the regulation permits an employee who claims a breach of a Title VII settlement agreement to elect between only two options. With the use of the word 'alternatively,' the regulation sets out the only alternatives that may be chosen." Frahm v. United States, 492 F.3d 258, 263 (4th Cir. 2007). Because there is not a waiver of sovereign immunity for the claim Plaintiff has filed, the Court lacks subject matter jurisdiction. Normally, the Court would dismiss without prejudice when there is a lack of subject matter jurisdiction. However, in this case, as demonstrated below, no amendment can cure the defect so the dismissal will be with prejudice.

Even if amended to request specific performance or reinstatement, Plaintiff's claims related to the settlement agreement would fail on timeliness and impossibility grounds. As noted above, Plaintiff entered into the settlement agreement in October of 2006. That agreement provided that Plaintiff would receive training and then be the back-up MDU operator. Pursuant to the terms of the settlement agreement, the training was to occur within a specific time; however, Plaintiff was not trained until approximately 30 days after this time period–about February 14, 2007. Plaintiff now seeks to pursue a claim that the failure to timely train was a breach of the settlement agreement. Plaintiff's claim is untimely. The terms of the settlement agreement and the regulation, § 1604.504(a), both contain a 30-day period for bringing claims about any alleged breach. Here, Plaintiff admits that he did not complain about the failure to train until September 16, 2008. Thus, the 30 days had clearly expired and Plaintiff cannot now revive the claim.

Plaintiff also complains that Defendant failed to use him as a back-up MDU operator. This claim fails for the same timeliness reasons noted above. Plaintiff knew or should have known that he was not being used as a back-up MDU operation in 2007. However, Plaintiff did not complain until 2008. To the extent Plaintiff argues that the breach is continuing, his claim fails on impossibility grounds.

Under the terms of the settlement agreement, Plaintiff was to serve as a back-up MDU operator. There is nothing in the terms of the settlement agreement that requires Defendant to ever actually utilize Plaintiff as an MDU operator. Rather the terms are clear that it is only if a back-up is needed that Plaintiff will be that person. Defendant asserts and Plaintiff

does not dispute that the MDU became inoperable in early 2008. Without a working MDU there is no need for an operator or a back-up operator. Thus, it is impossible for Defendant to comply with the terms of the settlement agreement. As Defendant notes, Oklahoma law[*] excuses performance under these circumstances:

> "Where, from the nature of the contract, it is evident that the parties contracted on the basis of the continued existence of the person, thing, condition, or state of things, or of facts, to which it relates, the subsequent perishing of the person or thing, or cessation of existence of the condition or state will excuse the performance, or terminate the contract, a condition to that effect being implied, in spite of the fact that the promise may have been unqualified."

Kan., Okla. & Gulf Ry. Co. v. Grand Lake Grain Co., 1967 OK 170, ¶ 18, 434 P.2d 153, 157 (citation omitted). Because "[s]ettlement agreements, including those entered into by the government, are viewed in light of governing contract principles . . ." Harris v. Brownlee, 477 F.3d 1043, 1047 (8th Cir. 2007), Plaintiff's claim of breach must fail. Because no amendment can cure the deficiencies noted, Plaintiff's claims related to the settlement agreement will be dismissed with prejudice.

Plaintiff also brings a claim alleging that he was not selected for a new position due to his race and age and in retaliation for the earlier EEO action discussed above. Defendant attacks only the retaliation claim. According to Defendant, the retaliation claim should be

---

[*] The Tenth Circuit has not been entirely clear on whether federal common law or state law applies when interpreting a settlement agreement in an EEO case. Compare Snider v. Circle K Corp., 923 F.2d 1404, 1407 (10th Cir. 1991), with Morris v. City of Hobart, 39 F.3d 1105, 1112 (10th Cir. 1994). Here, however, the reasoning applied in Morris controls and dictates that state law be used.

dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief, because the prior EEO activity is too remote in time.

It is unnecessary to consider Defendant's challenge in depth as it relies on material outside the text of the Amended Complaint. Because this portion of Defendant's motion is brought pursuant to Rule 12(b)(6) rather than 12(b)(1), the Court is restricted to the text of the Amended Complaint or converting the motion to one brought pursuant to Rule 56. Given the early stage at which the present motion is brought and the lack of relevant evidentiary materials appended to Defendant's motion, the Court declines to convert the motion and it will instead be denied.

## CONCLUSION

Plaintiff's claims related to the alleged breach of the settlement agreement are barred by sovereign immunity. To the extent Plaintiff would seek to amend the claims, any amendment would fail due to lack of timeliness and/or impossibility. Accordingly, Defendant's Motion to Dismiss (Dkt. No. 12) is GRANTED as to the claims made in Count II of Plaintiff's Amended Complaint. Those claims are dismissed with prejudice. In all other respects, Defendant's motion is denied.

IT IS SO ORDERED this 28th day of September, 2010.

ROBIN J. CAUTHRON
United States District Judge